UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEALTH CALL OF DETROIT, INC.,

    Plaintiff,                                       Civil Action No. 16-CV-11345

vs.                                                     HON. BERNARD A. FRIEDMAN

FARMERS INSURANCE EXCHANGE,

    Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTIONS
## FOR RECONSIDERATION AND FOR RELIEF FROM JUDGMENT

This matter is presently before the Court on defendant's motions for reconsideration [docket entry 84] and for relief from judgment [docket entry 86]. Response and reply briefs have been filed. Pursuant to E.D. Mich. LR 7.1(f) and 7.1(h)(2), the Court shall decide these motions without a hearing.

As alleged in the complaint, "[t]his is an action for No-Fault benefits arising out of the Plaintiff[']s medical services provided to Jaden Sears, who sustained serious bodily injuries in a motor vehicle accident within the meaning of the No-Fault Act, MCL 500.3101 et seq." Compl. ¶ 2. On the day of trial, the parties reached a settlement agreement, the terms of which they incorporated into a Stipulated Order and Partial Judgment. In relevant part, the parties agreed and the Court ordered in that document as follows:

> 1. A partial judgment in the amount of $225,158.00 is hereby entered in favor of HealthCall and against Farmers, which represents the full amount of HealthCall's principal damages for its claim brought pursuant to the No-Fault Act, which claim was raised pursuant to valid assignments from Velma Sears on behalf of Jaden Sears to HealthCall.
>
> 2. HealthCall's unpaid invoices and the payments owed by

Farmers are more than 30 days past due from the date Farmers received reasonable proof in accordance with MCL 500.3142.

3. Farmers may file a motion for summary judgment pursuant to FRCP 56 on or before April 3, 2018 to argue the applicability of the "one year back" rule of MCL 500.3145 to this case, and to argue the issues of whether HealthCall is entitled to interest, pursuant to MCL 500.3142, and/or attorney fees, pursuant to MCL 500.3148 if the Court determines that the one year back rule does not apply.

4. HealthCall shall have two weeks from the filing of Farmers' motion to file its response; and Farmers shall have five days to file a reply to HealthCall's response.

5. If the trial court holds that the penalty interest under MCL 500.3142 is recoverable, the amount due for penalty interest (which was $70,532.14 through the time of trial but which will continue to accrue until paid in full) will be added to the Partial Judgment.

6. If the Court rules that the attorney fees are available under the assignments, the No-Fault Act, or otherwise, HealthCall may file a motion for attorney fees and the Court will hold an evidentiary hearing if necessary, . . .

7. All prior rulings by the Court stand and Farmers concedes the prior assignments were valid.

Defendant filed a motion for summary judgment, and plaintiff responded and defendant replied, as contemplated in ¶¶ 3 and 4 of this stipulated order. Thereafter the Court issued an opinion and order denying defendant's motion and ruling that (1) the one-year back rule[1] does

---

[1] This rule is codified at Mich. Comp. Laws § 500.3145(1), which states:

An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time

2

not bar plaintiff's claim because the claim was asserted in February 2016 when plaintiff commenced this lawsuit and the services for which it sought reimbursement were rendered from February 2015 to February 2016; (2) plaintiff is a proper claimant for the no-fault benefits at issue in this case; (3) because defendant stipulated that the 2017 assignment[2] was "valid," it may not argue that the

---

within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury.

[2] This assignment, a copy of which is attached as Ex. N to plaintiff's response to defendant's first motion for summary judgment, states:

**ASSIGNMENT OF BENEFITS**

Name of Insured:     Jaden Sears

Date of Loss:        July 24, 2011

Insurer:             Farmers Insurance (assigned claim)

**Assignment of Benefits**. In consideration for the services provided to Client by HealthCall, Client assigns and transfers to HealthCall all of Client's rights and interest in his/her insurance benefits for services rendered by HealthCall after those services are incurred and further grants to HealthCall the full power and authority to sue, in its own name or in Client's name, to pursue claims directly against his/her insurance company for non-payment of the services provided by HealthCall and to collect any insurance benefits due for HealthCall's invoices. Client does not grant, transfer or assign future insurance benefits; Client only grants, transfers and assigns his/her benefits that are past or presently due. (Note: This assignment of benefits does not apply to certain government-sponsored healthcare programs including Medicaid, Children's Special Health Care

3

assignment is valueless; and (4) under the 2017 assignment, plaintiff has the right not only to the payment of the no-fault benefits at issue in this case but also to interest for overdue payments and attorney fees for defendant's unreasonable refusal to pay the claim.

In its motion for reconsideration and for relief from judgment, defendant convincingly argues that the correct application of Michigan's one-year-back rule prevents plaintiff from recovering any benefits for services it rendered more than one year before the date of the 2017 assignment. This result is required by a recent ruling of the Michigan Court of Appeals that applied the rule in circumstances nearly identical to those of the present case. In *Jawad A. Shah, M.D., PC v. State Farm Mut. Auto. Ins. Co.*, No. 340370, 2018 WL 2121787 (Mich. Ct. App. May 8, 2018), plaintiffs provided healthcare services to defendant's insured and then brought suit directly against defendant for reimbursement. After the complaint was filed, the Michigan Supreme Court held in *Covenant Med. Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, 500 Mich. 191, 196 & 217 n.40 (2017), that "healthcare providers do not possess a statutory cause of action against no-fault insurers for recovery of personal protection insurance benefits under the no-fault act" but that an insured may "assign his or her right to past or presently due benefits to a healthcare provider." Shortly after *Covenant* was decided, the plaintiffs in *Shah* obtained an assignment from the insured "to pursue payment of no-fault benefits for healthcare services." *Shah*, 2018 WL 2121787, at *1. However, the trial court denied as futile their motion to amend the complaint to reflect the assignment and

---

> Services (CSHCS), MI Choice Waiver, HAB Waiver, and the like, unless otherwise agreed in writing.) I also hereby authorize the release of any medical or other information necessary to determine these benefits payable for related services to the organization.

This assignment is signed by Jaden's mother, Velma Roddy, and dated June 2, 2017.

4

granted summary disposition for defendant.

On appeal, one of the issues was the effect of the assignment on the one-year-back rule. Plaintiffs argued that the assignment should relate back to the date the complaint was filed (thereby allowing recovery of no-fault benefits for healthcare services provided no later than one year before that date), while defendant argued that the assignment could not relate back because it was in effect a supplemental pleading and that the recovery of no-fault benefits was limited to the period beginning one year before the date of the assignment. The Michigan Court of Appeals found defendant's argument more convincing:

> Because plaintiffs actually sought to file a supplemental pleading, it could not relate back to the date of the original pleading. MCR 2.118(D) and (E); *Grist*, 1 Mich.App. at 84, 134 N.W.2d 358. Through the assignment, plaintiffs only obtained the rights [the insured] actually held at the time of the execution of the assignment, *Burkhardt*, 260 Mich.App. at 653, 680 N.W.2d 453, and plaintiffs cannot rely on the relation-back doctrine to essentially gain the potential for a greater right to recovery than they actually received. As our Supreme Court explained in *Jones v. Chambers*, 353 Mich. 674, 681-682, 91 N.W.2d 889 (1958):
>
>> The assignment created nothing. It simply passed to plaintiffs' insurer rights already in existence, if any. If plaintiffs' insured had no rights, then plaintiffs' insurer acquired none by virtue of the assignment. To rule otherwise would be to give such an assignment some strange alchemistic power to transform a dross and worthless cause of action into the pure gold from which a judgment might be wrought. [Quotation marks omitted.]
>
> Therefore, through the assignments in this case, plaintiffs did not obtain the right to pursue no-fault benefits for any portion of the loss incurred more than one year before July 11, 2017, because that is the pertinent point of reference for purposes of the one-year-back rule. A supplemental pleading predicated on the July 11, 2017 assignments could not relate back to the date of the original pleading.

5

*Id.*, 2018 WL 2121787, at *8-9. The court concluded that "the one-year-back rule did not bar *all* of plaintiffs' claims but only those that were based on services provided more than one year before the date of the assignment." *Id.* at *10 (emphasis in original).

The rule to be gleaned from *Shah* is clear: The one-year-back rule prevents the assignee of an insured's no-fault rights from seeking reimbursement for healthcare services provided to the insured more than one year before the date of the assignment.[3] In the present case, the assignment is dated June 2, 2017. Therefore, plaintiff may not seek reimbursement for services it provided to defendant's insured before June 2, 2016. This result is not altered by the fact that defendant has stipulated that the assignment is "valid." As noted by the Michigan Supreme Court in the case quoted by *Shah*, the effect of an assignment is simply to pass on to the assignee the assignor's "rights already in existence, *if any*." *Jones*, 353 Mich. at 681 (emphasis added). An assignment may be "valid" in the sense that it is signed and dated and assigns a right or property the assignor possesses and yet, as in this case, be unenforceable for reasons of which the assignor and assignee were unaware.

Plaintiff has indicated that in the instant case it seeks "the unpaid benefits incurred from January 2015 to May of 2016." Pl.'s July 28, 2017, Resp. Br. at 5 (PageID 799). As this entire period of time is more than one year before the date of the assignment, plaintiff's claim is

---

[3] The harsh result in *Shah* was due largely to the Michigan Court of Appeals' conclusion that plaintiffs' motion to "amend the complaint to account for the assignments" was in fact a motion to "serve a supplemental pleading" because "the procurement of the assignments was an event that occurred after the filing of the original complaint." *Shah*, 2018 WL 2121787, at *8. Had there had been no assignment and had the insured, and not the healthcare providers themselves, brought suit, the one-year-back rule would have allowed the insured to seek reimbursement for the healthcare providers' charges dating back one year before the complaint was filed.

barred by the one-year-back rule. In light of *Shah*, the Court's earlier ruling to the contrary must be vacated. Accordingly,

IT IS ORDERED that defendant's motions for reconsideration and for relief from judgment are granted.

IT IS FURTHER ORDERED that the Court's June 14, 2018, opinion and order is vacated.

IT IS FURTHER ORDERED that defendant's motion for summary judgment [docket entry 69] is granted.

Dated: August 13, 2018  s/Bernard A. Friedman
Detroit, Michigan  BERNARD A. FRIEDMAN
 SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 13, 2018.

 s/Johnetta M. Curry-Williams
 Case Manager